BARTOLOMEY, PLAINTIFF AND APPELLANT, *v.* CRÉDITO Y AHORRO PONCEÑO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Annulment of Foreclosure Proceedings.

No. 2979.—Decided April 14, 1924.

MORTGAGE—PAYMENT IN INSTALMENTS—FORECLOSURE.—In a mortgage loan contract where the payment in instalments of capital and accrued interest was agreed upon, the following was stipulated: " . . . . Fifth.—In case of default in the payment of any or all of the instalments when due, they shall bear interest at the rate of eight per cent annually." Construing that clause, the Supreme Court held its meaning to be that if one or more of the instalments should not be paid when due, interest at the rate of eight per cent should be paid thereafter, the reason for this stipulation being that interest at the current rate already had been included in each instalment of the mortgage and thus the interest compounded would also bear interest in case of delay or extension of the instalments due and unpaid; therefore, the creditor was not obliged to wait until the last instalment was due in order to demand payment of one or more of the prior instalments due and unpaid.

The facts are stated in the opinion.

*Mr. R. Pérez Marchand* for the appellant.

*Messrs. Parra Capó & Torres Córdova* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The plaintiffs borrowed from the Sociedad Anónima Crédito y Ahorro Ponceño the sum of $7,000, which they agreed to pay, with interest at the rate of 8 per cent added to the

principal, in seven yearly instalments beginning in September of 1918 and ending in September of 1924.

To secure the loan the plaintiffs created a mortgage in favor of the creditor on a certain rural property. The mortgagee partnership became extinguished by the expiration of its term and the mortgage passed to the corporation organized under the name of Crédito y Ahorro Ponceño, it having taken over the business of the old banking institution.

The first three instalments of the mortgage not having been paid when due, the defendant corporation brought summary foreclosure proceedings for their collection and the property was sold at auction to the defendant for the amount of the instalments due with the interest thereon.

In consequence of this proceeding the plaintiffs brought an ordinary action for the annulment of the said proceedings and for the recovery of damages.

It is important to observe that in the contract a date was expressly fixed for the maturity of each instalment and it was clearly agreed that payment thereof should be made without any excuse or delay. It so appears from the first clause of the deed reading as follows:

"The Crédito y Ahorro Ponceño, at its office in Yauco, * * * shall give and deliver to Alejandro Bartolomey and Luisa Fraticelli, * * * as a loan, the sum of seven thousand dollars, United States currency, which they shall pay in seven yearly instalments with interest at the rate of eight per cent. The said principal, with interest at the rate of eight per cent per annum, amounts to $9,504 and the debtors agree to pay it to the Crédito y Ahorro Ponceño at its Yauco office, without excuse or delay, in this manner: $1,160 on September 25, 1918; $1,312 on the same day and month of the year 1919; $1,348 on the same day and month of 1920; $1,376 on the same day and month of 1921; $1,396 on the same day and month of the year 1922; $1,508 on the same day and month of 1923, and $1,404 on the 25th of September, 1924."

It was not agreed in this clause or in any other clause of the deed that upon failure to pay one or more instalments all of them should be considered due, but it was stipulated

expressly that the payment of the principal and the accumulated interest should be made in yearly instalments.

"Sometimes the payment of the principal of the loan must be made in instalments, it being understood that in case of delay in paying one all shall be considered due. In other cases this condition is not stipulated, but the mortgagee may sue for the sale of the property for the payment of the principal corresponding to the instalment due or the interest accrued. The procedure is the same and the property passes to the purchaser with the mortgage corresponding to the part of the credit remaining unpaid, the amount of which, with interest, will be deducted from the price to be paid by the purchaser, who assumes the obligation of the mortgagor." Galindo, *Legislación Hipotecaria,* Vol. 3, page 304.

This comment responds to articles 130 and 131 of the Mortgage Law which read as follows:

"Art. 130.—The provisions of the two preceding articles shall likewise apply to a case in which a part of the principal or interest, when payment is to be made in installments, shall not be paid by the debtor at maturity, provided such stipulation shall be of record in the registry.

"Art. 131.—If for the payment of any of the installments of the principal or interest it should become necessary to alienate the estate mortgaged, and other installments of the obligation are still unpaid, the sale shall be made and the estate shall be conveyed to the purchaser with the mortgage corresponding to the part of the credit remaining unpaid, which shall be deducted from the price of the sale, with the interest.

"If the purchaser should not desire the estate subject to this encumbrance, the amount thereof shall be deposited together with interest thereon, to be paid to the creditor upon the expiration of the pending terms."

But, besides, the following was agreed upon in the fifth clause of the instrument:

"Fifth.—In case of default in the payment of any or all of the instalments when due they shall bear interest at the rate of eight per cent annually."

On this clause the plaintiffs base their complaint in the present action.

The appellants allege, relying on the said clause, that the appellee could not foreclose for any instalment due, inasmuch as it was necessary to wait until the last instalment had become due in order that the obligation might be considered matured and actionable. All of the argument of the appellant in his lengthy brief is in support of this construction. But this would be to confound things that are different, for neither the letter nor the spirit of that clause can be construed as understood by the appellant. The language of that clause is so clear that there is no doubt with regard to the intention of the parties; therefore, its literal meaning must govern. This clause means simply that if one or more of the instalments should not be paid when due, interest at the rate of eight per cent thereon should be paid thereafter, the reason for this stipulation being that interest at the current rate already had been included in each instalment of the mortgage and so the added interest should also bear interest in case of delay or extension of the instalment due and unpaid. This was the real intention of the contracting parties, and it can not be held that such intention is contrary to the language of the clause in question; therefore, it does not appear under any manner of construction that under the said fifth clause the creditor was bound to wait until the last instalment became due before proceeding to collect one or more of the prior instalments that had become due and had not been paid.

The appellant, however, attempted to show by evidence apart from the contract that the purpose of the clause under discussion was to make effective the desire of the plaintiff that he should not be sued or the mortgage foreclosed for the payment of any part. It is true that the evidence tends to show that at first the contract was drafted with a stipulation that upon expiration and default of payment of three instalments the whole debt should be considered due, and

that the appellant rejected this. But the notary who drew up the deed, although admitting that no agreement was made for considering the whole mortgage due on default of payment of three instalments, testified that neither before nor after was anything said in his office tending to give to the fifth clause the construction urged by the appellant. On the contrary, although in his testimony plaintiff Alejandro Bartolomey attempted to establish a stipulation foreign to the contract, that testimony is without legal force or value in view of his letter to the defendant in answer to a demand for payment of the instalments due and unpaid, wherein he made no mention of the clause upon which he bases his action, but spontaneously offered as an excuse for his default the poor crop on the mortgaged property, which did not cover the money advanced for cultivation. The said letter is as follows:

"Yauco, Sept. 19, 1919.—Mr. J. E. Totti, Manager of the Crédito y Ahorro Ponceño, Yauco.—Dear Sir: In reply to your letter of yesterday I am sorry to inform you that I am not in a position to meet, as is my earnest desire, my obligation to your bank to which you refer in your said letter, for the very powerful reason hereinafter stated.

"It is a matter of general knowledge, although nobody knows the cause, that the last crop of coffee was poorer than any previous crop, and although it has been sold at very high prices, it has not been enough to cover the expenses. Yet, I am trying to sell the property for the sole purpose of satisfying in whole my mortgage debt to that bank.

"Inasmuch as a bright future is predicted for the coffee industry, I have no doubt that my efforts will meet with success in the near future to the satisfaction of all. Very truly yours."

The Law of Evidence, as well as the Civil Code, deals with the matter of the interpretation of contracts; but notwithstanding the efforts made by the appellant in discussing the rules of interpretation therein contained, none of them have the scope or meaning sought to be given, for the fifth clause of the contract is clear and precise in terms and the

tendency of the appellant is to give to it an erroneous meaning contrary to the truth and the right idea of the contract. The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.